Rossner *v.* Colón.

Appeal from the District Court of San Juan.

No. 23.—Decided June 13, 1906.

Judicial Administration of Property of Deceased Persons Without Known Next of Kin.—The district court nearest the place of the death of a person whose husband or wife or next of kin do not reside in the locality, has jurisdiction upon becoming advised of the death of such person, to appoint an administrator to take charge of his property, and the court shall take the necessary measures for the security of the property of the deceased, and the fact that the property of the deceased is situated within a different district from the one in which he dies will in no way affect the jurisdiction of the court.

Id.—The judicial administration referred to in Chapter IV of the Act relating to the special legal proceedings, of March 9, 1905, must not be confused with the provisions of Chapter V of the same Act, because the former is a provisional administration and is ordered by the court on its own motion, while the latter is brought about at the instance of the persons mentioned in section 23 of the said Act.

Id.—Section 23 of the Act above mentioned refers to the judicial administration of the property of a deceased person who is in a different situation from the one in the case at bar, who died without leaving any next of kin in the locality or any other person with a right to take charge of the property; wherefore in this case the last domicile of the deceased, or the place where his property is situated, should not be taken into consideration in order to determine the jurisdiction of the court which shall take the necessary measures for the security of the property.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Vías Ochoteco* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

Upon the sworn application of María Rossner de Kenney,

made to the District Court of San Juan on October 28 of
last year, affirming that Augusto Rossner had died on the 23d
of said month, in Santurce, without having executed a will;
that his heir *abintestato,* his legitimate father, León Rossner,
resided in Alsacia, Germany, and that the property of the
decedent consisted of a leased property in Yabucao planted in
cotton and upon which cattle were raised, which properties,
by reason of peculiar circumstances, were in the name of Juan
del Carmen Morales, a resident of the said town of Yabucao,
and were liable to be wasted; wherefore section 30 of the
"Act relating to special legal proceedings" should be applied
by appointing a temporary administrator, and urging that
Juan del Carmen Morales be required to refrain from selling
the cattle of Rossner, the said court, in an order dated Novem-
ber 2 following, appointed as temporary administratrix of
the properties left by Augusto Rossner his sister, the peti-
tioner herein, María Rossner de Kenney, who was required
to give a bond in the sum of $3,000, and the court further or-
dered that Juan del Carmen Morales be enjoined from selling
property of any class whatever belonging to the decedent.

Under this state of affairs on January 9, 1906, Inocencia
Colón, in the name of her minor children, Juan León Augusto
and Augusto León, had by her and acknowledged by the de-
ceased Rossner, appeared before the said court in San Juan
and filed a sworn petition demanding that all the proceed-
ings in this case be annulled, and that the said court hold
that it was without jurisdiction in the proceedings for the
appointment of an administrator of the properties of the de-
ceased, Augusto Rossner, and leaving the petitioner free to
file a motion in the District Court of Humacao asking for the
apointment of a judicial administrator, in support of which
she alleged that the said Humacao court, by reason of the
subject-matter, had jurisdiction of the case, as the properties
of the deceased were situated in Yabucao and that town hav-
ing been the last residence of the deceased.

The San Juan court, after considering the affidavits of

both parties and the evidence heard, held, by an order made January 13 last, that it was without jurisdiction in the premises, and vacated all its prior orders therein because the same had been made without jurisdiction on the part of the court to do so.

The temporary judicial administratrix, María Rossner, took an appeal from this order.

In asking for the reversal of the order appealed from the appellant alleged that she filed her petition for the appointment of an administrator of the properties of her brother, Augusto, in accordance with the provisions of sections 21, 22 and 30 of the act relating to special proceedings, which first two sections confer jurisdiction on the San Juan court, because Don Augusto died in San Juan; that when the natural acknowledged children of Don Augusto appear to exercise their rights as heirs they can not raise the question of jurisdiction, which is out of time, because a court is already acting in accordance with the provisions of the law, and because they appear only for the purposes set forth in sections 21 and 22 above cited, and that the citation of section 23 of the Act relating to special proceedings, upon which the order appealed from is based, is not applicable to the case inasmuch as the said section has reference to persons already included within the estate who may ask for intervention therein by means of judicial administration, but not in the present case which is entirely different, because here property is involved the heirs of which have not yet appeared in legal form.

Sections 21 and 22, referred to by the appellant, comprise all of Chapter IV of the Act relating to special legal proceedings, which chapter treats of the administration of the estates of decedents without known next of kin, and said sections read as follows:

''Section 21.—Whenever any person dies leaving property with or without making a will and testament, and without leaving a husband or wife living with such person, and without ascendants or descendants or collateral relatives within the fourth degree, the owner of the

dwelling in which his death occurred or any other person with whom the decedent has lived must notify the nearest court of the fact aforesaid within the knowledge of said owner or person; and any person failing to comply with his duty shall be liable for any losses which, through the failure of complying with this proceeding, shall be occasioned to the estate of the decedent. If the existence of next of kin of the decedent be known and they shall be absent from the place, without having left a duly empowered attorney, the court shall take the necessary measures for the burial of the decedent and for the security of his property, as well as for giving proper notice thereof to the said next of kin. Upon the appearance of the aforesaid next of kin, either in person or by duly empowered attorney, a permanent administrator shall be appointed and the property and effects of the decedent shall be turned over to him.

"Section 22.—The court shall see that the property, papers and other effects of the decedent susceptible of abstraction or concealment be deposited in a secure place, closed and sealed, entrusting them to a responsible person under sufficient security, as temporary custodian thereof, and under inventory with power in respect to credits, properties, rents and products to collect, keep and maintain the same. The district court shall, thereupon, appoint an administrator whose duty shall be, in addition to other duties imposed by law upon administrators, to begin proceedings for the purpose of ascertaining who are the heirs of the decedent, according to the provisions of the preceding chapter, and if they fail to appear, to turn over the balance of the estate remaining after the payment of the debts of the decedent and the expenses of the administration to the Treasury of Porto Rico. The Attorney General shall be notified by the district attorney, and shall be a party to all proceedings for the determination of heirs."

After a reading and examination of the legal provisions above quoted, there appears to be no doubt that the District Court of San Juan had jurisdiction to make its order of November 2, 1905, as that court was the nearest to the place of the death of Augusto Rossner, and upon having information of the existence of the father of the said Augusto Rossner absent in Germany, it was its duty, imposed by paragraph 2 of section 21, to take the necessary measures for the security of decedent's property, and among which measures that of

appointing an administrator according to paragraph 2 of section 22 is included.

It makes no difference that the property of Rossner was situated within a different judicial district from the one in which he died, because the law grants to the nearest district court the power, and together with the power the duty, to make the necessary measures for the security of the property of decedents in cases such as the present one, without distinguishing between property situated in such district and that which may be situated in another or other districts. *Ubi lex non distinguit nec nos distinguere debemus.*

Nor should the judicial administration treated of by Chapter IV be confused with that which is the subject of Chapter V of the Act relating to special legal proceedings. The former is a temporary or provisional administration ordered by the judge of his own motion without the necessity of any outside intervention to secure the property of a decedent, while the latter is ordered by the judge at the instance of the persons mentioned in section 23 of the said Act, and which instance must fulfil the requirements provided for by the said section. María Rossner could resort, as she did resort, to the District Court of San Juan in order that it should look after the interests of the decedent, whose father was absent, and as the daugther of the latter and sister of Augusto Rossner we have no doubt she could propose to the court the measures to be taken for the security of the properties left by decedent, which measures the said court could adopt or not in its discretion acting within the limits of the jurisdiction conferred by law; but as María Rossner is not one of the persons included in the provisions of section 23, and that section referring to the judicial administration of the property of a decedent under different circumstances from those surrounding Augusto Rossner, it is clear that the last domicile of the decedent or the place where his properties were situated should

not be taken into consideration in determining the jurisdiction of the court which should take the necessary measures for the security of Rossner's property.

We are therefore of the opinion that the District Court of San Juan had jurisdiction and was competent to act to secure the properties of Augusto Rossner, and that the proceedings had therein should not be declared null and void, without prejudice to the heirs of Augusto Rossner in the present status of the proceedings, and that without going back therein or annulling the same that they can pursue the proper remedy open to them for the enforcement of their rights with respect to the interests of the decedent.

*Reversed.*

Chief Justice Quiñones, and Justices Figueras and MacLeary concurred.

Mr. Justice Wolf dissented.

DISSENTING OPINION RENDERED BY MR. JUSTICE WOLF.

I feel myself compelled to dissent from the opinion of the majority of the court in this case. While some doubt might arise as to the exact meaning of sections 21 and 22 of the Code of Special Proceedings, it would appear that the only definite case in which the court is authorized to appoint administrators thereunder is where the next of kin are unknown, it being the duty of' such administrator to begin proceedings for the purpose of ascertaining who are the heirs of the decedent. It is true that section 21 provides that in the absence of the next of kin the court shall take the necessary measures for the burial of the decedent, and for the security of his property. While the court under this section might have power to appoint a temporary administrator for the protection of property in the jurisdiction, I think the qualifications of such administrator are necessarily determined by Chapter V providing for judicial administration of decedent's estate. The evident application of the language of sections 21 and 22 is to

cases where the decedent shall have left the property within the jurisdiction of the court to which the petition is made. The whole purpose of Chapter V of the law of special proceedings is to confer jurisdiction for the purpose of administration upon the court where the decedent has his last residence, or of the place where the greater part of his property is situated. Anyone therefore, making application to a court for the appointment of an administrator must bring himself within the terms of section 23 of that Act.

It was not shown to the district court that decedent left any property within the jurisdiction. The petitioner, María Rossner, was not an heir of the decedent, or a legatee, or anyone of the other persons named in the first paragraph of section 23.

It was brought home to the court of San Juan that it had no jurisdiction of the subject-matter; that the exigency called for by sections 21 and 22 had not actually arisen; and I think that its action in declaring itself without jurisdiction and revoking its previous orders, was fully justified.